**Bidding Procedures**

A. **General**

Set forth below are the bidding procedures (the "Bidding Procedures") to be employed with respect to the proposed sale of substantially all of the assets (the "Assets") of Hedwin Corporation, debtor-in-possession in Case No. 14-15194 (the "Debtor"). These Bidding Procedures are being distributed in connection with the Debtor's Motion (the "Bidding Procedures Motion") for Entry of Order: (A) Approving Bidding Procedures for Sale of Substantially All of the Debtor's Assets; (B) Authorizing and Scheduling an Auction; (C) Scheduling Hearing for Approval of the Sale of Assets Free and Clear of Liens and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases to Successful Bidder (D) Approving Breakup Fee and Expense Reimbursement; (E) Approving Procedures and Setting Deadlines for the Assumption and Assignment of Executory Contracts and Unexpired Leases, Including Cure Amount Relating Thereto; (F) Approving Certain Deadlines and the Form, Manner and Sufficiency of Notice; and (G) Granting Other Related Relief.

On April ___, 2014, the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court") entered an order (the "Bidding Procedures Order") approving, incorporating, and authorizing, among other things, the implementation of these Bidding Procedures and scheduling a timeline for the sale of the Assets (the "Sale").

B. **Stalking Horse Bid**

On April 1, 2014, the Debtor entered into an Asset Purchase Agreement (the "APA")[1] with Fujimori Kogyo Co., Ltd. (the "Buyer") pursuant to which the Debtor agreed to sell and

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Stalking Horse APA. As used herein, the term Assets means the same as "Purchased Assets" under the Stalking Horse APA. The terms of the Stalking Horse APA shall not be deemed modified by the terms of the Bidding Procedures or the order approving the Bidding Procedures.

#2167834v.1

the Buyer agreed to purchase (on its own behalf or through a direct or indirect wholly-owned subsidiary) the Assets for (i) the sum of $16,500,000.00 (subject to adjustments as set forth in the APA); plus (iii) the assumption of the Assumed Liabilities (the "Initial High Bid"). Pursuant to the terms of the APA, the Buyer proposes to acquire the Assets free and clear of all Encumbrances.[2]

### C. The Bidding Process

Pursuant to the Bidding Procedures Order and the terms contained herein, the Debtor may conduct an auction (the "Auction") to sell the Assets to the person or entity making the highest and best bid (the "High Bid" and such person or entity making such bid, the "High Bidder") or to the person or entity making next highest and best bid (the "High Back-up Bid" and such person or entity making such bid, the "High Back-up Bidder") for the Assets submitted in accordance with these Bidding Procedures provided the bid is a Qualified Bids (defined below) made by a Qualified Bidder (defined below). If no Qualified Bids are received by the Debtor prior to the Bid Deadline, the Initial High Bid shall be deemed the High Bid and the Buyer shall be deemed the High Bidder for the purposes of the Sale Hearing (defined below). The Assets will only be offered and sold as a package and not individually. The Buyer is deemed to be a Qualified Bidder (defined below) without the need to take any action and may, but it is not required to, participate at the Auction and may submit additional higher bids.

The Debtor shall have the sole right, subject to the terms and conditions set forth herein to: (i) determine whether any person is a Qualified Bidder; (ii) determine whether any further due diligence investigation regarding the Assets shall be permitted and, if so, coordinate the efforts of potential bidders in conducting their respective due diligence investigations regarding

---

[2] The scope and nature of the "free and clear" Sale will be described in the Court's order approving the Sale (the "Sale Order"), the proposed form of which is attached to the APA and was submitted with the Sale Motion.

2

#2167834v.1

the Assets; (iii) receive offers from Qualified Bidders; (iv) invite Qualified Bidders to any Auction; (v) negotiate any offer made to purchase the Assets; and (vi) determine the High Bid and the High Back-up Bid, subject only to Bankruptcy Court approval (collectively, clauses (i) through (vi) are the "Bidding Process").

Based upon the terms and conditions of the bids received from Qualified Bidders, the level of interest expressed by the bidders in the Assets, and such other information as the Debtor determines is relevant, the Debtor may conduct the Auction in the manner it determines will achieve the maximum value for the Assets including, but not limited to, offering the Assets for bidding in such successive rounds as the Debtor determines to be appropriate.

Any person that wishes to participate in the Bidding Process must be a Qualified Bidder. Neither the Debtor nor its representatives shall be obligated to furnish information of any kind whatsoever to any person that is not a Qualified Bidder and the Debtor and its professionals shall use good faith efforts to provide all Qualified Bidders with substantially similar information.

**D.    Required Bid Documents**

All bids must include the following to constitute a Qualified Bid (the "Required Bid Documents"):

1.    A written irrevocable offer that expressly states the terms of the offer, including the purchase price being offered for the Assets, with an acknowledgement that the purchase price shall be paid in immediately available U.S. funds at closing. Any offer must include: (a) the full name and identity of the bidder; (b) the full name and identity of the bidder's broker (if any); and (c) an express statement that the bidder has read, understands, and agrees to be bound by and comply with these Bidding Procedures. The foregoing shall apply to all bids made by any bidder or on behalf of any bidder by a broker.

3

#2167834v.1

2. An acknowledgement by the bidder that the bidder agrees to and will be bound by all of the terms set forth in the form of APA attached to the Sale Motion as **Exhibit 2**, except for specifically enumerated proposed modifications (which in no event shall include a financing contingency). Any modifications proposed by the bidder shall be clearly shown in a clean and blacklined version (a "Marked APA") of the APA signed by an individual authorized to bind the proposed bidder. No bidder, except for the Buyer, shall be eligible for a breakup fee or reimbursement of expenses under the APA. Subject to the first sentence of this paragraph, the Debtor reserves the right, where appropriate in its business judgment, to modify the APA with any bidder by accepting reasonable changes as determined by the Debtor.

3. The payment, by wire transfer or certified check to Tydings & Rosenberg LLP, as escrow agent for the Debtor (or such other escrow agent as may be appointed by the Debtor for such purpose), of a good faith deposit equal to at least 10% of the purchase price (the "Deposit"). Any party claiming a lien on the Assets and making a credit bid must submit a deposit based upon the full amount of the bid without regard to the amount of credit included within such bid. Notwithstanding anything contained in the Bidding Procedures Order or in the Bidding Procedures to the contrary, Bank of America, N.A. shall be deemed a Qualified Bidder and shall be entitled to credit bid, as a Qualified Bid, all or a portion of its claims against the Debtor, without the need to pay the Deposit, to the fullest extent permissible under section 363(k) of the Bankruptcy Code.

4. Written evidence of the bidder's financial ability to purchase the Assets in whole, which, in the Debtor' sole discretion, evidences the bidder's ability to timely consummate the Sale and perform under the Marked APA and satisfy the requirements of section 363 of the Bankruptcy Code. Such written evidence may include a written commitment for financing from a financial institution (but which shall not be a condition of closing), the bidder's current audited

#2167834v.1

financial statement, the most recent quarterly report filed with the U.S. Securities and Exchange Commission, if the bidder is a public entity, or if the bidder is an entity formed for the purpose of acquiring the Assets, current audited financial statements of the equity holders of the bidder, which persons and/or entities shall guarantee the performance of the bidder, and/or other form of financial disclosure acceptable to the Debtor and its representatives.

5. A fully completed Bidder Registration Form.

6. A written list of each executory contract and unexpired lease the assumption and assignment of which is a condition to consummation of the Sale.

7. If any bid is conditioned on the assumption and assignment of executory contracts or unexpired leases of real property, then such bidder shall be required to provide adequate assurance of future performance of such contracts or leases with the bid.

8. If the bidder employs a broker, a disclosure of the identity of the broker and terms of the broker's proposed commissions.

9. Written evidence that the bidder has obtained the requisite authorization and approval from its board of directors (or comparable governing body) with respect to the submission of its bid, execution of the APA, and consummation of the transaction, or a representation that no such authorization or approval is required.

E. **Qualified Bids**

A "Qualified Bid" is a bid that includes each of the Required Bid Documents and:

(i) is a bid for the Assets as a package, and NOT a bid for a portion of the Assets;

(ii) is a binding irrevocable offer to purchase the Assets for cash only, with no contingencies to closing (other than the conditions set forth in the APA);

(iii) has been timely received by each of the parties listed in the Section F below no later than the Bid Deadline or any extended Bid Deadline;

(iv)   the bid must not be materially more burdensome or conditional than the terms of the APA;

(v)   the bidder must establish that, in the Debtor's business judgment, the bidder has the ability and is reasonably likely to timely close on its proposed acquisition of the Assets if selected as the High Bid;

(vi)   is not subject to or conditioned on obtaining financing;

(vii)   is not conditioned on the outcome of unperformed due diligence;

(viii)   does not entitle the bidder, other than the Buyer, to any termination or break-up fee, expense reimbursement, or similar type of payment;

(ix)   is a good faith, bona fide offer to purchase the Assets;

(x)   is in an amount equal to or greater than the Initial Incremental Bid Amount (defined below in Section G);

(xi)   is a Qualified Bid, as determined in the sole and absolute discretion of the Debtor;

(xii)   by its terms will remain open and irrevocable until the earlier of: (i) the closing with respect to the High Bid or the High Back-Up Bid, as applicable; or (ii) 90 days after entry of the Order of the Bankruptcy Court approving the sale;

(xiii)   contains evidence satisfactory to the Debtor that the bidder is reasonably likely to obtain prompt regulatory approval, if required, to purchase the Assets.

Any person or entity that submits a Qualified Bid shall be a "Qualified Bidder." The Buyer is deemed to be a Qualified Bidder and may participate at the Auction, if any, without otherwise complying with the pre-Auction terms of these Bidding Procedures.

    **F.**    **Bid Deadline**

To be considered a timely bid for the Auction (described below), written copies of its bid containing each of the Required Bid Documents (described above) must be delivered to: (i) the

Debtor's Chief Restructuring Officer, Charles S. Deutchman, c/o Hedwin Corporation, 1600 Roland Heights Avenue, Baltimore, MD 21211, cdeutchman@shrmgtres.com; (ii) the Debtor's investment banker and financial advisor, Mesirow Financial, 353 North Clark Street, Chicago, IL 60654, Attention: Ketan Shah, Senior Vice President and Associate General Counsel, kshah@mesirowfinancial.com; (iii) the Debtor's counsel, Alan M. Grochal, Esq. and Stephen M. Goldberg, Esq., Tydings & Rosenberg LLP, 100 E. Pratt Street, 26th Floor, Baltimore, MD 21202, agrochal@tydingslaw.com and sgoldberg@tydingslaw.com and (iv) Buyer's Counsel, Shinya Akiyama, Esq., Pillsbury Winthrop Shaw Pittman, LLP, 1540 Broadway, New York, NY 10036-4039, shinya.akiyama@pillsburylaw.com; SO THAT SUCH BID IS RECEIVED NO LATER THAN 5:00 P.M. (EASTERN DAYLIGHT TIME) ON _____, 2014 (the "Bid Deadline"). The Debtor may, in its sole discretion, extend the Bid Deadline once or successively without further notice but is not obligated to do so.

The submission of a bid shall constitute an express consent by the bidder to the exclusive jurisdiction of the Bankruptcy Court to hear and determine all disputes relating to the bid, the Auction, and the Sale.

In the event that the Debtor determines in good faith that is has not received a Qualified Bid by the Bid Deadline that is a higher or better bid than the one represented by the APA, the Debtor shall seek the approval of the APA without conducting an Auction, and pursuant to the Sale Motion filed with the Court.

G. **Pre-Auction Overbids**

#2167834v.1

To constitute a Qualified Bid, a bidder's initial bid must exceed by at least $100,000, the combination of (i) the Initial High Bid,[3] (ii) the $600,000 Break-Up Fee and (iii) $250,000, the maximum amount of the Expense Reimbursement (the "Initial Incremental Bid Amount").

### H.    Due Diligence

Each bidder must complete all required due diligence prior to the submission of its bid. Due diligence information can be obtained by contacting the Debtor's investment banker, Mesirow Financial, 353 North Clark Street, Chicago, IL 60654, Attention: Ketan Shah, Senior Vice President and Associate General Counsel, (312)-595-6118, kshah@mesirowfinancial.com. All bidders seeking due diligence information will be required to execute a Confidentiality Agreement prior to the disclosure of such information. The Confidentiality Agreement shall be no less favorable to the Debtor than the Confidentiality Agreement signed by the Buyer. The Confidentiality Agreement will be provided to all bidders by Mesirow Financial upon request of due diligence information. The Debtor and Mesirow Financial shall not be obligated to furnish any due diligence information after the Bid Deadline or to any party that the Debtor determines, in its sole discretion, is not reasonably likely to be a Qualified Bidder.

### I.    Acceptance of Qualified Bids

---

[3]    The amount of the Initial High Bid is $16,500,000.00 plus the amount of the Assumed Liabilities. The Debtor estimates that the Assumed Liabilities as of March 31, 2014 (excluding accrued liabilities associated with payroll) total approximately $4,064,305. Potential bidders may obtain additional information on the nature and magnitude of the Assumed Liabilities from Debtor's counsel prior to the Auction.

#2167834v.1

The Debtor intends to sell the Assets to the Qualified Bidder who submits the High Bid at the Auction, if any, or in the event no additional Qualified Bids are received, to the Buyer. The High Bid and any High Backup-Bid are subject to approval by the Bankruptcy Court at the Sale Hearing. No bid shall be deemed rejected until such rejection is communicated in writing by the Debtor.

In evaluating whether any Qualified Bidder has submitted a higher and better bid, the Debtor may consider, among other things: (i) the number, type and nature of any changes to the APA as indicated on the Marked APA required by each bidder; (ii) the extent to which such modifications are likely to delay closing of the Sale to such bidder and the cost to the bankruptcy estate from such modifications or delay; (iii) the purchase price and the bidder's financial status; and (iv) the probability of a prompt closing.

The Debtor shall provide the Buyer with all copies of what the Debtor has determined to be Qualified Bids at least five (5) calendar days prior to the date of the Auction.

J.     **Auction**

If, on or before the Bid Deadline, the Debtor has received at least one Qualified Bid, other than the Initial High Bid, the Debtor shall conduct an Auction with respect to the Assets. **The Auction shall take place on _____, 2014, at 10:00 A.M.** at the offices of Tydings & Rosenberg LLP, 100 E. Pratt Street, 26th Floor, Baltimore, MD 21202, or such other time and place to be designated by the Debtor in writing. At the start of the Auction, the Debtor (or their agent(s) as the case may be) will announce the highest and best Qualified Bid, as determined by the Debtor in its sole and absolute discretion. During the Auction, bidding shall begin initially with the highest and best Qualified Bid as determined by the Debtor. The Debtor shall not consider any subsequent bid at the Auction unless the bid exceeds the previous highest bid by at least $100,000 (the "Bid Increment"). The Buyer shall have the right to include the

9

#2167834v.1

amount of the Break-up Fee and Expense Reimbursement in the amount of any subsequent bid that it makes at the Auction.

During the course of the Auction, the Debtor may inform the participants which Qualified Bid reflects, in the Debtor's view, the highest and best offer and, if such bid has been determined to be the highest and best offer entirely or in part because of the addition, deletion or modification of a provision or provisions in the APA or the APA of the Qualified Bidder, as applicable, other than an increase in the cash purchase price, the value reasonably ascribed by the Debtor to such added, deleted or modified provision or provisions.

ONLY QUALIFIED BIDDERS THAT HAVE SUBMITTED QUALIFIED BIDS SHALL BE ELIGIBLE TO PARTICIPATE IN THE AUCTION. THE DEBTOR RESERVES THE RIGHT TO EXCLUDE ANY PARTY (OTHER THAN THE BUYER) FROM PARTICIPATING IN OR BEING PRESENT AT THE AUCTION FOR ANY REASON THAT THE DEBTOR DETERMINES MAY IMPACT NEGATIVELY UPON THE SUCCESS OF THE AUCTION OR THE DEBTOR'S BUSINESS.

The Auction may be adjourned in the Debtor' reasonable discretion. Reasonable notice of such adjournment and the time and place for resumption of the Auction shall be given to the Buyer and all Qualified Bidders.

At the conclusion of the Auction the Debtor will identify the High Bid and the High Back-Up Bid, each of which shall be bound to comply with the terms of their respective sale agreements. Within three (3) business days of the conclusion of the Auction, the High Bidder and the High Back-Up Bidder shall supplement their Deposit by delivering to the escrow agent for the Debtor such additional immediately available funds as may be necessary so that their Deposit equals ten percent (10%) of the High Bid.

K.  **Sale Hearing**

After the Auction, the Debtor will seek the entry of an order authorizing and approving the Sale to the High Bidder and the High Back-Up Bidder (in the event the Sale to the High Bidder is unable to close) at the **Sale Hearing which is scheduled for _____, 2014 at _____ \_.m., Courtroom of the Honorable _____, United States Bankruptcy Court for the District of Maryland Bankruptcy Court, 101 W. Lombard Street, Baltimore, MD 21201,** or as soon thereafter as counsel may be heard. Following approval of the Sale to the High Bidder, if the High Bidder fails to consummate an approved sale within 90 days after entry of the order approving the Sale to the High Bidder, the Debtor shall be authorized to consummate the Sale with the High Back-Up Bidder without further order of the Court.

**L.   Irrevocability Period**

ALL BIDS ARE IRREVOCABLE AND SHALL REMAIN BINDING UPON THE BIDDERS UNTIL THE EARLIER OF: (I) THE CLOSING OF THE SALE TO THE HIGH BIDDER OR HIGH BACK UP BIDDER, AS APPLICABLE, OR (II) 90 DAYS AFTER ENTRY OF THE SALE ORDER.

**M.   Return of Deposit**

The Deposit of any Qualified Bidder will be held in escrow as provided in Section D.3 above in a non-interest bearing trust account until the earlier of: (i) the closing of the High Bid or the High Back-Up Bid, as applicable, or (ii) 90 days after entry of an Order of the Bankruptcy Court approving the Sale, unless such bid is sooner expressly rejected in writing by the Debtor or the Debtor causes a termination of the applicable APA. If the High Bidder fails to consummate the Sale due to the breach by such party, the Debtor shall retain the Deposit as partial liquidated damages and have such other remedies as may be set forth in the breached APA, and the High Back-Up Bidder shall immediately proceed to closing with the Debtor.

**N.   "As Is" and "Where Is"**

The sale of the Assets shall be on an "As Is" and "Where Is" basis and without warranties or representations of any kind by the Debtor or their agents concerning the condition of the Assets, except to the extent set forth in the APA of the High Bidder. Except as provided in the APA, all of the Debtor' right, title and interest in and to the Assets shall be sold free and clear of all Encumbrances, if any, in accordance with sections 363 and 365 of the Bankruptcy Code, with such Encumbrances attaching to the net proceeds of Sale received by the Debtor, subject to any rights and defenses of the Debtor thereto and subject to further order of the Court.

By submitting a bid, each Qualified Bidder shall be deemed to acknowledge and represent that, except as otherwise set forth in the Qualified Bidder's APA, it has had an opportunity to inspect and examine the Assets and conduct any and all due diligence regarding the Assets prior to making its bid; that it has relied solely upon its own independent review, investigation and/or inspection of the Assets in making its bid; and that it did not rely upon or receive any written or oral statements, representation, promises, warranties or guarantees whatsoever, whether express, implied, by operation of law, or otherwise, with respect to the Assets, or the completeness of any information provided in connection with the Assets or the Auction, except as expressly stated in these Bidding Procedures.

**O.     Expenses**

Any bidders, other than the Buyer, presenting bids shall bear their own expenses in connection with the bidding and sale process, whether or not such Sale is ultimately approved, in accordance with the terms of the APA. Buyer may recover expenses in accordance with the terms of the APA and the Bidding Procedures Order.

**P.     Debtor's Reservation of Rights**

The Debtor may, in its sole discretion: (a) determine, in its business judgment, which bid, if any, is the highest or best offer for the Assets; and (b) reject at any time before entry of an

order by the Bankruptcy Court approving a successful bid, any bid that, in the Debtor's sole discretion, is (i) inadequate or insufficient; (ii) not in conformity with the requirements of the Bankruptcy Code; or (iii) contrary to the best interests of the Debtor, its estate, and/or its creditors.

The Debtor shall have the right to adopt such other rules for the bidding process that, in its sole discretion, will better promote the goals of the bidding process.