IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **In re:** | * |
| **HEDWIN CORPORATION** | *   Case No. 14-15194 |
| Debtor | *   Chapter 11 |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### NOTICE OF BIDDING PROCEDURES, AUCTION DATE, AND SALE HEARING

**PLEASE TAKE NOTICE** that on April 2, 2014, Hedwin Corporation, debtor and debtor in possession (the "Debtor") filed the Debtor's Motion For An Order (A) Approving Bidding Procedures For Sale Of Debtor's Assets; (B) Authorizing And Scheduling An Auction; (C) Scheduling Hearing For Approval Of The Sale Of Assets Free And Clear Of Liens And The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases To The Successful Bidder; (D) Approving Breakup Fee And Expense Reimbursement; (E) Approving Procedures And Setting Deadlines For The Assumption And Assignment Of Executory Contracts And Unexpired Leases, Including Cure Amounts Relating Thereto; (F) Approving Certain Deadlines And The Form, Manner And Sufficiency Of Notice; And (G) Granting Other Related Relief (the "Bidding Procedures Motion").[1]

On April ___, 2014, the Court entered an order (the "Bidding Procedures Order") granting the Bidding Procedures Motion and approving the bidding procedures attached hereto (the "Bidding Procedures") to be used in connection with a sale of substantially all of the Debtor's assets (the "Assets"). Pursuant to separate motion (the "Sale Motion," Doc. # ___), the Assets are being sold free and clear of all liens, claims, encumbrances and interests pursuant to section 363(f) of the Bankruptcy Code.

Fujimori Kogyo Co., Ltd. ("Fujimori") has submitted an offer, as the "Stalking Horse Bidder" to the Debtor to purchase (on its own behalf or through a direct or indirect wholly-owned subsidiary) the Assets on the terms set forth in that certain Asset Purchase Agreement dated April 1, 2014, between the Debtor and Fujimori (the "APA"), which is conditioned on Bankruptcy Court approval and is subject to higher or better offers. The sale terms are set forth with more particularly in the APA. The purchase price for the Assets under the APA is $16,500,000.00 plus the assumption of certain liabilities.

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings set forth in the Bidding Procedures Motion. The term "Assets" in this Notice shall have the same meaning as "Purchased Assets" as set forth in the APA (defined herein). The APA is attached to the Sale Motion (defined herein) as Exhibit 2. To the extent there is any conflict between the terms of this Notice and either the APA, the Bidding Procedures Order, or the Bidding Procedures (defined herein), the APA, Bidding Procedures Order and Bidding Procedures, as the case may be, shall control.

1

#2167838v.1



Other relevant terms of the APA include the following: (a) the Assets will be sold free and clear of liens, claims, encumbrances and other interests; (b) in the event the Court approves a bid from another party, the Stalking Horse Bidder will be paid a breakup fee of $600,000 (the "Breakup Fee"), plus up to an additional $250,000 for reimbursement of expenses that the Stalking Horse Bidder incurs in connection with the sales transaction (the "Expense Reimbursement"); (c) the Stalking Horse Bidder will assume certain liabilities including all trade accounts payable remaining unpaid as of the closing and that were either reflected on the Debtor's balance sheet for the period ending December 31, 2013 or which thereafter arise in the ordinary course of business; (d) certain executory contracts and unexpired leases will be assumed by the Debtor and assigned to the Stalking Horse Bidder, all as set forth in the APA; (e) except as expressly stated in the Stalking Horse APA, the Debtor is making no representation or warranties whatsoever, express or implied, with respect to any matter relating to the Assets; (the Assets are being sold "AS IS," "WHERE IS," and "WITH ALL FAULTS"); and (f) the APA provides for the retention of all employees of the Debtor actively at work on the closing date.

As set forth in the Bidding Procedures Motion: (i) the Debtor is suffering a liquidity crisis and continues to suffer major cash flow problems; (ii) in October, 2013, due to the Debtor's deteriorating financial condition, the Debtor hired Shared Management Resources, Ltd. ("SMR"), by and through its managing directors Charles S. Deutchman, as Chief Restructuring Officer (the "CRO"), who has conducted extensive due diligence into the Debtor's financial condition, explored various strategies with management for improving the company's performance, and assisted and continues to assist management in restructuring the current operations of the business; (iii) in December 2013, the Debtor retained Mesirow Financial, Inc. ("Mesirow") as its investment banker to assist the Debtor in identifying strategic alternatives and to assist the Debtor in connection with any possible sale transaction; (iv) for several months preceding the Petition Date, the Debtor, together with its CRO and Mesirow, worked cooperatively to analyze and evaluate the business, operations and financial condition of the Debtor and, as part of that process, Mesirow assisted in preparing and negotiating confidentiality agreements for prospective purchasers, preparing an offering memorandum containing detailed information about the Debtor's business, operations and financial condition, identifying and contacting potential purchasers, establishing a data room for due diligence to be conducted by prospective purchasers, evaluating proposals from prospective purchasers, and) negotiating a stalking horse offer; (v) Mesirow contacted 78 parties to elicit interest in acquiring all or part of the business; (vi) interested parties were given operational, organizational and financial information on the Debtor and all were offered the opportunity to conduct on site due diligence; (vii) only 10 parties conducted on site due diligence; and (viii) a deadline of March 12, 2014 was set for the submission of offers and notice of the deadline was given to those parties that had expressed an interest in making an offer.

The Debtor determined that the offer of the Stalking Horse Bidder is presently the highest and best offer.

If offers are received by the Debtor from other qualified bidders in accordance with the Bidding Procedures for a price and on terms that are higher or better than the APA, the Assets will be sold at the Auction. The Bidding Procedures afford the Debtor the opportunity to subject the Assets to competitive bidding while preserving the bid of the Stalking Horse Bidder, thereby providing a floor price for the Assets.

The Debtor is seeking to sell substantially all of its assets under Chapter 11 of the United States Bankruptcy Code. After the sale of the Assets, the Debtor will no longer operate its business, although the Debtor anticipates that the purchaser of its assets will continue such business operations. The Debtor believes the sale of the Assets is in the best interest of the Debtor's estate and will provide the highest and best value for the Assets.

### Bidding Procedures

A copy of the Bidding Procedures is attached hereto as **Exhibit 1**. The Bidding Procedures describe, *inter alia*, the terms of the bidding process, the requirements and deadlines for participation therein, required terms of any bids, and the time, location and conduct of the Auction. In the event of any inconsistency or conflict between this Notice and the Bidding Procedures or the Bidding Procedures Order, the Bidding Procedures or Bidding Procedures Order, as the case may be, shall control.

### The Auction

**PLEASE TAKE FURTHER NOTICE** that the Debtor is authorized to conduct the Auction in accordance with the Bidding Procedures to determine the highest and best bid with respect to the Assets. The Auction, if any, shall commence at **10:00 a.m. (Eastern Daylight Time) on April ___, 2014**, at Tydings & Rosenberg LLP, 100 E. Pratt Street, 26th Floor, Baltimore, MD 21202, or such other date or location as designated prior to the Auction.

### The Sale Hearing

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court has scheduled a hearing for **May ___, 2014, at __:_0 __.m. (Eastern Daylight Time)** (the "Sale Hearing") to consider either approval of the APA in the absence of an Auction or approval of the winning bid(s) and confirm the results at the Auction for the Assets, pursuant to the Sale Motion. The Sale Hearing may be adjourned in open court from time to time, without further notice. The Sale Hearing will be held before the Honorable _____, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Maryland, 101 West Lombard Street, ____ Floor, Courtroom No. ____, Baltimore, Maryland 21201.

**PLEASE BE TAKE FURTHER NOTICE** that the Bidding Procedures attached hereto shall govern the bidding process and any Auction of the Assets. Any person that wishes to receive a copy of the Sale Motion (with all attachments) or the Bidding Procedures Order (with all attachments) shall make such request in writing to Tydings & Rosenberg LLP, 100 E. Pratt Street, 26th Floor, Baltimore, MD 21202, attention: Alan M. Grochal and Stephen M. Goldberg.

### Objections

Any objection to any of the relief to be requested at the Sale Hearing must be in writing, state the basis of such objection with specificity, and shall be filed with the Court, with a courtesy copy to judge's chambers, and shall be served on: (i) counsel to the Debtor: Tydings & Rosenberg LLP, 100 E. Pratt Street, 26th Floor, Baltimore, MD 21202, (Attention: Alan M. Grochal and Stephen M. Goldberg), Facsimile: (410) 727-5460; (ii) counsel to the Committee: _____; and (iii) counsel to the Bank of America, N.A.: Miles and Stockbridge P.C., 100 Light Street, Baltimore, MD 21202 (Attention: Linda V. Donhauser and Frederick W. Runge): Facsimile: (410) 385-3800; (iv) counsel to ACP-I, L.P.: McDonald Hopkins, 600 Superior Avenue, East, Suite 2100, Cleveland, Ohio 44114 (Attention: Paul W. Linehan); (v) the Office of the United States Trustee, 101 West Lombard, Suite 2625, Baltimore, Maryland 21201; and (vi) counsel to the Stalking Horse Bidder: Pillsbury Winthrop Shaw Pittman LLP, 1540 Broadway, New York, NY 10036-4039 (Attention: Shinya Akiyama): Facsimile: (212) 858-1500, so as to be received by ____, **2014, at 4:00 p.m. (Eastern Dayligh Time)**.

**PLEASE TAKE FURTHER NOTICE** that all requests for information concerning the Assets and all requests for information concerning the Bidding Procedures, should be directed in writing to Tydings & Rosenberg LLP, 100 E. Pratt Street, 26th Floor, Baltimore, MD 21202, (Attention: Alan M. Grochal and Stephen M. Goldberg).

Dated: April ___, 2014

                                       Alan M. Grochal, Bar No. 01447
                                       Stephen M. Goldberg, Bar No. 01156
                                       Catherine K. Hopkin, Bar No. 28257
                                       Tydings & Rosenberg LLP
                                       100 East Pratt Street, 26th Floor
                                       Baltimore, Maryland 21202
                                       Telephone:  410-752-9700
                                       Facsimile:  410-722-5460
                                       emails: agrochal@tydingslaw.com
                                       sgoldberg@tydingslaw.com
                                       chopkin@tydingslaw.com
                                       Counsel for Debtor and Debtor in Possession