IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
(Baltimore Division)

IN RE:                                              *

**HEDWIN CORPORATION**                              *          Case No. 14-15194-NVA

    Debtor                                        *          (Chapter 11)

*   *   *   *   *   *   *   *   *   *   *   *   *

**MOTION TO APPROVE AND COMPEL PAYMENT
OF POST-PETITION OBLIGATIONS UNDER
LEASE OF NON-RESIDENTIAL REAL PROPERTY
PURSUANT TO 11 U.S.C. § 365(d)(3)**

    WWGS, LLC and Stonewall Corporation (jointly either "WWGS" or the "Landlord"), by its undersigned counsel respectfully moves the Court to enter an Order compelling Hedwin Corporation ("Hedwin" or the "Debtor") to pay the outstanding lease obligations owed for the non-residential/real property known as 1600 Roland Heights Avenue, Baltimore, Maryland 21211 for the period from April 2, 2014 through April 30, 2014 (the "Post-Petition April Rent Period") pursuant to the terms of the lease between the Landlord and the Debtor and 11 U.S.C. § 365(d)(3), and in support thereof, states as follows:

**Jurisdiction and Venue**

    1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 365(d)(3). This is a Court proceeding pursuant to 28 U.S.C. § 157.

    2.    Venue is proper for this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

    3.    On June 8, 2007 WWGS entered into a lease with the Debtor for the premises known as 1600 Roland Heights Avenue, Baltimore, Maryland 21211 (the "Lease"). A true and correct copy of the Lease is attached hereto as **Exhibit A** and incorporated herein by reference.

4. The Debtor operates its primary manufacturing operations at the leased premises.

5. Pursuant to the terms of the Lease, the amount due and payable for the month of April 2014 is not less than Twenty-Five Thousand Two Hundred Thirty Dollars ($25,230.00). The April 2014 rent was due April 1, 2014.

6. On April 2, 2014, the Debtor filed its voluntary petition under Chapter 11 of the United States Bankruptcy Code.

7. Also on April 2, 2014, the Debtor filed an Emergency Motion to Approve Interim and Final Order Pursuant to 11 U.S.C. Sections 105, 361, 362, 363 and 364 and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (1) Authorizing Incurrence by the Debtor of Post-Petition Secured Indebtedness with Priority Over all Other Secured Indebtedness and with Administrative Superpriority, (2) Granting Liens, (3) Authorizing the Use of Cash Collateral by the Debtor pursuant to 11 U.S.C. Section 363 and Providing for Adequate Protection, (4) Modifying the Automatic Stay, and (5) Scheduling a Final Hearing (the "DIP Financing/Cash Collateral Motion") Docket No. 25. Paragraph 36 of the DIP Financing/Cash Collateral Motion specifically states

> "Without the ability to obtain post-petition financing, and use cash collateral to meet the operating expenses outlined in the **Budget**, the Debtor will be unable to operate his business and will be forced to liquidate."

(Emphasis added).

8. Also on April 2, 2014, the Debtor filed an Affidavit of Charles S. Deutchman in support of first-day motions (the "Deutchman Affidavit") Docket No. 12. Paragraph 17 of the Deutchman Affidavit refers to a 30-day cash flow forecast which is attached to the Affidavit as Exhibit B and titled "DIP Budget for First 13 Week Period of Chapter 11 Case" (the "Budget").

9. On April 4, 2014 the Court entered the Interim Order Pursuant to 11 U.S.C. Sections 105, 361, 362, 363, and 364 and Rule 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure (1) Authorizing Incurrence by the Debtor of Post-Petition Secured Indebtedness with Priority Over All Other Secured Indebtedness and with Administrative Priority, (2) Granting Liens, (3) Authorizing Use of Cash Collateral by the Debtor Pursuant to 11 U.S.C. Section 363 and Providing for Adequate Protection, (4) Modifying the Automatic Stay, and (5) Scheduling a Final Hearing (the "Interim DIP Financing/Cash Collateral Order").  On April 7, 2014 an Amended Interim DIP Financing/Cash Collateral Order was entered to include the Exhibits referenced in the initial Order.  Among these Exhibits was the Budget.

10. On April 21, 2014 the Court entered the Final Order Pursuant to 11 U.S.C. Sections 105, 361, 362, 363, and 364 and Rule 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure (1) Authorizing Incurrence by the Debtor of Post-Petition Secured Indebtedness with Priority Over All Other Secured Indebtedness and with Administrative Priority, (2) Granting Liens, (3) Authorizing Use of Cash Collateral by the Debtor Pursuant to 11 U.S.C. Section 363 and Providing for Adequate Protection, and (4) Modifying the Automatic Stay (the "Final DIP Financing/Cash Collateral Order").  The Final DIP Financing/Cash Collateral Order has the Budget attached as Exhibit B.

11. The Budget, as attached to the Deutchman Affidavit, and both the Interim and Final DIP Financing/Cash Collateral Orders, expressly provides for payments that will be required the week beginning 3/31/14.  The Budget expressly provides for the payment of an aggregate amount of Sixty-Seven Thousand Dollars ($67,000.00) in "Rent (real estate)" for the week beginning 3/31/14.  Upon information and belief his amount includes the rent due to the Landlord under the Lease for the month of April 2014.

12. Both the Interim and Final DIP Financing/Cash Collateral Orders specifically provides that the Debtor may pay the amounts set forth in the Budget. ¶ 4(c).

13. Notwithstanding the Interim and Final DIP Financing/Cash Collateral Orders and the Budget, the Debtor has refused to pay April 2014 rent, asserting that the entire April 2014 rent due under the Lease is a pre-petition obligation.

14. The representations of the Debtor set forth in the DIP Financing/Cash Collateral Motion and Deutchman Affidavit, as well as, the Budget (that first appeared on April 2, 2014 attached to the Deutchman Affidavit, and thereafter attached to both the Interim and Final DIP Financing/ Cash Collateral Orders), were relied on by the Landlord, that it would receive the entire April 2014 rent, or at a minimum the pro-rata April Rent for the period from April 2, 2014 through April 30, 2014, upon entry of the Interim DIP Financing/Cash Collateral Order, and now the Final DIP Financing/Cash Collateral Order.

**Argument**

15. Section 365(d)(3) of the Bankruptcy Code specifically provides:

> (3) The Trustee shall timely perform all of the obligations of the Debtor, except those specified in Section 365(b)(2), arising from and after the Order for Relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding Section 503(b)(1) of this title.

16. Pursuant to § 365(d)(3), at a minimum, the Debtor is required to immediately pay the Landlord the pro rata rent due for the period from April 2, 2014 through April 30, 2014 (the "April 2014 Stub Rent"). *See, In re Ricky Donovan Van Vleet d/b/a First Financial Center, Inc.*, 383 B.R. 782, 795 (Bankr. D. Co. 2008) (the "Proration Rule").

17. Through the Budget, the Debtor represented to the Court in the DIP Financing/Cash Collateral Motion that payment of the April 2014 Rent was one of the operating expenses that needed to be paid to allow the Debtor to operate in the ordinary course of business and preserve and maintain the going concern value of its business, and avoid irreparable harm to the Debtor. DIP financing/Cash Collateral Motion. ¶¶ 35 and 36.

18. The filing of the petition on April 2, does not make the entire April 2014 rent a pre-petition obligation. *See, In re Handy Home Improvement Centers, Inc.*, 144 F.2d 1125 (7th Cir. 1998); *In re Furr's Supermarkets, Inc. v. Yvette Gonzalez, Trustee,* 283 B.R. 60, 62, 70 (10th Cir. BAP 2002); *In re Trak Auto Corporation*, 277 B.R. 655, 662 (Bankr. E.D.Va. 2002).

WHEREFORE, WWGS respectfully requests the Court enter an Order immediately requiring the Debtor to pay to WWGS the rent due under the Lease for the period from April 2, 2014 through April 30, 2014, and for such other relief as is just and proper.

Dated: April 21, 2014         /s/ Marc E. Shach
                              Curtis C. Coon, Esquire
                              Marc E. Shach, Esquire
                              Coon & Cole, LLC
                              401 Washington Avenue, Suite 501
                              Towson, Maryland  21204
                              (410) 244-8800

                              *Counsel for WWGS, LLC and
                               Stonewall Corporation*

- 6 -

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 21st day of April, 2014, a copy of the foregoing Motion To Approve And Compel Payment Of Post-Petition Obligations Under Lease Of Non-Residential Real Property Pursuant To 11 U.S.C. § 365(D)(3), and proposed Order was sent via CM/ECF to all parties who have entered their appearance via CM/ECF.

                                         /s/ Marc E. Shach
                                         Marc E. Shach