IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re: | * |
| | |
| **HEDWIN CORPORATION,** | *   Case No. 14-15194 |
| | (Chapter 11) |
| Debtor. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**CONDITIONAL CONSENT OF BANK OF AMERICA, N.A. TO DEBTOR'S MOTION FOR AN ORDER (A) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZING THE SALE OF ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS; (B) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS PURSUANT TO SECTIONS 363(b), (f) AND (m) OF THE BANKRUPTCY CODE; (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (D) GRANTING RELATED RELIEF**

Bank of America, N.A. ("Bank of America"), by its undersigned attorneys, hereby files this conditional consent (the "Conditional Consent") to the Debtor's Motion for an Order (A) Approving Asset Purchase Agreement and Authorizing the Sale of Assets Outside the Ordinary Course of Business; (B) Authorizing the Sale of Assets Free and Clear of all Liens, Claims, Encumbrances and Interests Pursuant to Sections 363(b), (f) and (m) of the Bankruptcy Code; (C) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (D) Granting Related Relief (the "Sale Motion") filed by the Debtor on April 4, 2014. In support of this Conditional Consent, Bank of America states as follows:

### I.     Parties

1. Hedwin Corporation (the "Debtor") filed a voluntary petition under Chapter 11 of Title 11 of the United States Code on April 2, 2014 (the "Petition Date").

2. Bank of America is a secured creditor of the Debtor pursuant to certain written agreements, documents, and instruments evidencing certain Revolving Loans and a Term Loan (collectively, the "Pre-Petition Financing Documents") executed in connection with the

indebtedness owed by the Debtor to Bank of America as of the Petition Date. The Pre-Petition Financing Documents include, but are not limited to, the following documents and instruments: (a) the First Amended and Restated Loan and Security Agreement dated as of January 19, 2010, by and between the Debtor and Bank of America, as amended, restated, supplemented or otherwise and modified from time to time through the execution of ten (10) subsequent agreements through and including that certain Eighth Amendment to First Amended and Restated Loan and Security Agreement dated as of December 30, 2013 (collectively, the "Pre-Petition Loan Agreement"); (b) certain "Notes" as that term is defined in the Pre-Petition Loan Agreement; (c) UCC financing statements recorded in the Financing Records of the Maryland State Department of Assessment and Taxation on January 29, 2004, October 22, 2008 and August 27, 2013 at file number 0000000181178674; and (d) all other agreements, documents, and instruments previously, simultaneously or thereafter executed and/or delivered in favor of Bank of America, including, without limitation the agreements listed on Exhibit A to the DIP Financing Agreement, and all security agreements, notes, mortgages, and UCC financing statements, and other documents delivered in connection with the Pre-Petition Loan Agreement.

      3.     Pursuant to and as more fully described in this Court's Final Order Pursuant to 11 U.S.C. Sections 105, 361, 362, 363 and 364 and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (1) Authorizing Incurrence by the Debtor of Post-Petition Secured Indebtedness with Priority Over All other Secured Indebtedness and with Administrative Superiority, (2) Granting Liens, (3) Authorizing Use of Cash Collateral by the Debtor Pursuant to 11 U.S.C. Section 363 and Providing for Adequate Protection, and (4) Modifying the Automatic Stay [Docket No. 95] (the "Final DIP Order"), the Debtor has

2

obtained post-petition loans, advances and other financial accommodations from Bank of America.

4.   In the Final DIP Order, the Debtor was authorized and empowered to execute, deliver and comply with the DIP Financing Documents (as that term is defined in the Final DIP Order), which includes the Agreement for Post-Petition Financing (the "<u>Post-Petition Financing Agreement</u>"), and was obligated to comply with and perform and be bound by all of the terms and conditions contained in the DIP Financing Documents.  As set forth in paragraph 4(g) of the Final DIP Order, the DIP Financing Documents constitute valid and binding obligations of the Debtor, which obligations shall be enforceable against the Debtor, its estate and its creditors, in accordance with their terms.

5.   As set forth in Section 6.3 of the Post-Petition Financing Agreement, one of the conditions of the DIP Facility (as that term is defined in the Final DIP Order) is that within sixty (60) days after the Petition Date, the Court shall have entered a "Sale Order", which shall be acceptable to Bank of America in all respects, in its sole and absolute discretion.  The Post-Petition Financing Agreement also requires that Bank of America shall have actually received payment in full of all Obligations (as that term is defined in the Post-Petition Financing Agreement and which includes all pre-petition obligations and post petition obligations) in cash at closing in connection with such sale, and that closing occur no later than June 30, 2014.  In fact, the term "Sale Order" is defined in the Post-Petition Financing Agreement as:

> "an order of the Court approving the sale of all or substantially all of the Debtor's assets (or a sale of the right to sell such assets as an agent of the Debtor) under Section 363 of the Bankruptcy Code pursuant to a Sale Agreement, which order must be in form and substance satisfactory to the Lender in its sole discretion and must include provisions that (i) require the payment to the Lender at closing of all proceeds payable to the Debtor in connection therewith (net of reasonable and customary costs and expenses actually incurred by or on behalf of the Borrower in connection

> therewith, including legal fees and other professional fees and sales commissions and financial advisory fees not due to an affiliate) in an amount sufficient to indefeasibly pay in full of all of the Obligations, and (ii) provide that all of the Lender's Liens and security interests shall continue in effect and shall attach to all proceeds, letter-of-credit rights and other consideration at any time payable to or received by the Debtor in connection therewith."

6. As is also set forth in Section 6.3 of the Post-Petition Financing Agreement, if the Sale Order does not provide for the indefeasible payment in full of all Obligations to Bank of America at closing, then Bank of America shall have no obligation to provide any financing to the Debtor.

## II. Background and Grounds for Response

7. Pursuant to the Sale Motion, the Debtor seeks authority pursuant to 11 U.S.C. § 363 to sell the Assets (as defined in the Sale Motion) to Fujimori Kogyo Co., Ltd. for $16,500,000.00 plus the assumption of certain liabilities. The assets and terms of the proposed sale are more fully described in the Sale Motion and related exhibits. The sale of the Assets is subject to higher and better offers.

8. All of the Obligations (as that term is defined in the Post-Petition Financing Agreement and which includes all pre-petition obligations and post petition obligations) due and owing to Bank of America are fully secured by a properly perfected, first-priority lien on and security interest in all assets of the Debtor, including all Assets that are the subject of the Sale Motion.

9. Bank of America consents to the relief sought by the Debtor in the Sale Motion on the condition that any Order approving the sale of the Assets provides the following: (a) Bank of America's first priority lien on the Assets shall attach to the proceeds of the sale at closing; (b) all of the Obligations (including all pre-petition obligations and post-petition

obligations) owed to Bank of America, including all principal and interest, attorneys' fees, costs and other expenses shall be indefeasibly paid in full at closing; and (c) the closing shall occur on or before June 30, 2014.

WHEREFORE, Bank of America, N.A. respectfully requests that this Court enter an Order granting the Sale Motion, which Order provides that:

(a) Bank of America's first priority lien on the Assets shall attach to the proceeds of the sale at closing;

(b) All of the Obligations (including all pre-petition obligations and post-petition obligations) owed to Bank of America, including all principal and interest, attorneys' fees, costs and other expenses shall be indefeasibly paid in full at closing; and

(c) The closing shall occur on or before June 30, 2014.

Date: May 5, 2014                                    Respectfully submitted,


                                                     */s/ Linda V. Donhauser*
                                                     Linda V. Donhauser
                                                     Federal Bar No. 06783
                                                     Kristen M. Siracusa
                                                     Federal Bar No. 28984
                                                     MILES & STOCKBRIDGE P.C.
                                                     100 Light Street
                                                     Baltimore, Maryland  21202

                                                     *Attorneys for Bank of America, N.A.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of May, 2014, a copy of the foregoing *Conditional Consent of Bank of America N.A. to Debtor's Motion for an Order (A) Approving Asset Purchase Agreement and Authorizing the Sale of Assets Outside the Ordinary Course of Business; (B) Authorizing the Sale of Assets Free and Clear of all Liens, Claims, Encumbrances and Interests Pursuant to Sections 363(b), (f) and (m) of the Bankruptcy Code; (C) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (D) Granting Related Relief* was served via this Court's CM/ECF electronic notification system on the following:

Alan M. Grochal, Esquire
Catherine Keller Hopkin, Esquire
Tydings & Rosenberg, LLP
100 East Pratt Street, 26th Floor
Baltimore, MD 21202

Katherine A. Levin, Esquire
Office of U.S. Trustee
101 West Lombard Street
Suite 2625
Baltimore, MD 21201

Maria Ellena Chavez-Ruark, Esquire
Saul Ewing LLP
500 East Pratt Street, 9th Floor
Baltimore, MD 21202

Sharon L. Levine, Esquire
S. Jason Teele, Esquire
Lowenstein Sandler LLP
65 Livingston Avenue
Roseland, NJ 07068

Patrick J. Potter, Esquire
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street NW
Washington, DC 20037

Marc E. Shach, Esquire
Curtis C. Coon, Esquire
Coon & Cole, LLC
401 Washington Avenue, Suite 501
Towson, MD 21204

Mark D. Maneche, Esquire
Tiffany S. Franc, Esquire
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 400
Towson, MD 21204

Tammy Cohen Drescher
Sellman Hoff LLC
2201 Old Court Road
Pikesville, MD 2120

| | |
|---|---|
| Samuel C. Batsell, Esquire<br>Pension Benefit Guaranty Corporation<br>Office of the Chief Counsel<br>1200 K Street N.W.<br>Washington, DC 20005-4026 | James S. Carr, Esquire<br>Jason Adams, Esquire<br>Kelly Drye & Warren LLP<br>101 Park Avenue<br>New York, NY 10178 |
| Paul W. Linehan, Esquire<br>South Franklin Street Partners<br>McDonald Hopkins<br>600 Superior Avenue East, Suite 2100<br>Cleveland, OH 44114 | John A. Roberts, Esquire<br>Semmes, Bowen & Semmes, P.C.<br>25 South Charles Street, Suite 1400<br>Baltimore, MD 21201 |

And on the following parties by first class mail, postage prepaid:

| | |
|---|---|
| Ampacet Corporation<br>660 White Plaines Road<br>Tarrytown, NY 10591 | Anchor Staffing<br>6960 Aviation Boulevard, Suite D<br>Glen Burnie, MD 21061 |
| Baltimore Gas & Electric<br>P.O. Box 13070<br>Philadelphia, PA 19101 | Chevron Phillips Chemical<br>1400 Jefferson Avenue<br>Pasadena, TX 77502 |
| Constellation NewEnergy, Inc.<br>800 Boylston Street<br>Suite 28<br>Boston, MA 02199 | Electronic Restoration Services<br>Attn: Leo Gusfa<br>12001 Levan Road<br>Livonia, MI 48150 |
| Green Bay Packaging<br>1100 Gilroy Road<br>Hunt Valley, MD 21031 | Guernsey Office Products<br>45070 Old Ox Road<br>Sterling, VA 20166 |
| Chevron Phillips Chemical<br>10001 Six Pines Drive<br>The Woodlands, TX 77380 | INEOS Olefins & Polymers USA<br>13536 Collections Center Drive<br>Chicago, IL 60693 |
| MD Unemployment Insurance Division<br>1100 North Eutaw Street<br>Baltimore, MD 21201 | Meyers Construction<br>Attention: Mike Shilling<br>1121 Greenwood Road, Suite 101<br>Pikesville, MD 21208 |
| Polyone<br>10115 Kincey Avenue, Suite 240<br>Huntersville, NC 28078 | PCA – Salt Lake City<br>4654 West 1525 South<br>Salt Lake City, UT 84104 |

| | |
|---|---|
| Priority Worldwide Services<br>504 McCormick Drive<br>Glen Burnie, MD 21061 | Serv Pro<br>Attention: John Wall<br>102 Cockeysville Road<br>Cockeysville, MD 21030 |
| Sixth Sense Partners<br>3041 Warrington Road<br>Cleveland, OH 44120 | Specialty Industries<br>Attention: John H. Forrey, Jr.<br>175 East Walnut Street<br>Red Lion, PA 17356 |
| Zacros America<br>1821 Walden Office Square, Suite 400<br>Schaumburg, IL 60173 | Transamerica Retirement Solutions<br>Attention: Connie McDonald<br>4333 Edgewood Road NE<br>Cedar Rapids, IA 52499 |
| Worldwide Dispenser<br>Lee Road Merton Park Estate<br>Merton London, UK | |

*/s/ Kristen M. Siracusa*
Kristen M. Siracusa