IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| **In re:** | * | |
| | | |
| **HEDWIN CORPORATION,** | * | Case No. 14-15194 |
| | | (Chapter 11) |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**RESPONSE OF BANK OF AMERICA, N.A. TO THE LIMITED OBJECTION AND RESERVATION OF RIGHTS BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS WITH RESPECT TO DEBTOR'S MOTION FOR AN ORDER (A) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZING THE SALE OF ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS; (B) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS PURSUANT TO SECTIONS 363(b), (f) AND (m) OF THE BANKRUPTCY CODE; (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (D) GRANTING RELATED RELIEF**

Bank of America, N.A. ("Bank of America"), by its undersigned attorneys, hereby files this response (the "Response") to the Limited Objection and Reservation of Rights (the "Limited Objection") by the Official Committee of Unsecured Creditors (the "Committee") with respect to the Debtor's Motion for an Order (A) Approving Asset Purchase Agreement and Authorizing the Sale of Assets Outside the Ordinary Course of Business; (B) Authorizing the Sale of Assets Free and Clear of all Liens, Claims, Encumbrances and Interests Pursuant to Sections 363(b), (f) and (m) of the Bankruptcy Code; (C) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (D) Granting Related Relief (the "Sale Motion"). In support of this Response, Bank of America states as follows:

1.  The Committee filed its Limited Objection to the Sale Motion, asserting that it has not yet completed its review of the nature, extent, priority and validity of the liens of Bank of America and ACP-I, L.P. (collectively, the "Prepetition Secured Parties"). Through the Limited Objection, the Committee seeks to reserve all rights to object to the Prepetition Secured Parties'

liens and further requests that proceeds from the sale be held in escrow for an indefinite period of time, until the Committee completes its lien review and is satisfied that the liens of the Prepetition Secured Parties are in fact duly perfected and valid.

2. In its Limited Objection, the Committee incorrectly states in a footnote that its current deadline to complete the lien review is June 8, 2014, and that the deadline to pay the Prepetition Secured Lenders is June 30, 2014. Both of those statements are inaccurate. Pursuant to paragraph 9 of the Final DIP Order (as defined below), the deadline for the Committee to commence a contested matter or adversary proceeding objecting to or challenging Bank of America's prepetition liens is the ***earlier of*** (a) 60 days following the appointment of the Committee (June 8, 2014), (b) ***the date of any closing of a sale of all or substantially all of the Debtor's assets*** (emphasis added), or (c) such later time period consented to by Bank of America in writing, or otherwise ordered by this Court. The deadline is not June 8, 2014, as stated in the Committee's Limited Objection. Moreover, pursuant to the post-petition financing documents, as approved by the Final DIP Order, all of the obligations due and owing to Bank of America are to be paid in full at closing, <u>not</u> on June 30, 2014, as incorrectly stated in the Committee's Limited Objection. Although the DIP Financing Documents (as that term is defined in the Final DIP Order) require that closing occur no later than June 30, 2014, the parties anticipate that closing may occur earlier (perhaps even earlier than June 8, 2014), given that the sale hearing is scheduled for May 12, 2014.

3. As set forth more fully below, the Committee's request that the sale proceeds be escrowed and that Bank of America not be paid at closing should be denied for the following reasons: (1) the Final DIP Order entered in this case, and the DIP Financing Documents approved by the Committee and this Court provide that all of the obligations due and owing to

Client Documents:4825-4687-3626v1|G1506-000070|5/6/2014

Bank of America shall be paid in full at closing; (2) the liens of Bank of America are duly perfected and valid; and (3) it is in the best of interest of the Debtor, the creditors and the estate that the Prepetition Secured Parties be paid in full at closing.

### The DIP Financing Documents Approved By The Committee And This Court Expressly Provide That Bank Of America Shall Be Paid At Closing

The Committee's request that the sale proceeds be escrowed runs afoul of the post-petition financing documents and this Court's Final Order Pursuant to 11 U.S.C. Sections 105, 361, 362, 363 and 364 and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (1) Authorizing Incurrence by the Debtor of Post-Petition Secured Indebtedness with Priority Over All other Secured Indebtedness and with Administrative Superpriority, (2) Granting Liens, (3) Authorizing Use of Cash Collateral by the Debtor Pursuant to 11 U.S.C. Section 363 and Providing for Adequate Protection, and (4) Modifying the Automatic Stay [Docket No. 95] (the "<u>Final DIP Order</u>").  A true and correct copy of the Final DIP Order is attached hereto and incorporated herein as <u>Exhibit A.</u>

4.       In the Final DIP Order, the Debtor was authorized and empowered to execute, deliver and comply with the DIP Financing Documents, which include the Agreement for Post-Petition Financing (the "<u>Post-Petition Financing Agreement</u>"), and was obligated to comply with and perform and be bound by all of the terms and conditions contained in the DIP Financing Documents.  A true and correct copy of the Post-Petition Financing Agreement is attached hereto and incorporated herein as <u>Exhibit B.</u>

5.       As set forth in paragraph 4(g) of the Final DIP Order, the DIP Financing Documents constitute valid and binding obligations of the Debtor, which obligations shall be enforceable against the Debtor, its estate and its creditors, in accordance with their terms.

6.       As set forth in Section 6.3 of the Post-Petition Financing Agreement, one of the

key conditions of the DIP facility is that within sixty (60) days after the petition date, the Court shall have entered a "Sale Order", which shall be acceptable to Bank of America in all respects, in its sole and absolute discretion. The Post-Petition Financing Agreement also requires that Bank of America shall have actually received payment in full of all Obligations (as that term is defined in the Post-Petition Financing Agreement and which includes all prepetition obligations and post-petition obligations) in cash at closing in connection with such sale, and that closing occur no later than June 30, 2014. In fact, the term "Sale Order" is defined in the Post-Petition Financing Agreement as:

> "an order of the Court approving the sale of all or substantially all of the Debtor's assets (or a sale of the right to sell such assets as an agent of the Debtor) under Section 363 of the Bankruptcy Code pursuant to a Sale Agreement, which order must be in form and substance satisfactory to the Lender in its sole discretion and ***must include provisions that (i) require the payment to the Lender at closing of all proceeds payable to the Debtor in connection therewith*** (net of reasonable and customary costs and expenses actually incurred by or on behalf of the Borrower in connection therewith, including legal fees and other professional fees and sales commissions and financial advisory fees not due to an affiliate) ***in an amount sufficient to indefeasibly pay in full of all of the Obligations*** (emphasis added), and (ii) provide that all of the Lender's Liens and security interests shall continue in effect and shall attach to all proceeds, letter-of-credit rights and other consideration at any time payable to or received by the Debtor in connection therewith."

*See* Section 1.1 page 5 of Post-Petition Financing Agreement.

7. The Final DIP Order and the Post-Petition Financing Agreement were heavily negotiated (including with the Committee), and the Committee had ample opportunity to object to these provisions, and did not. The Final DIP Order requires that the Committee complete its lien review prior to closing of the sale. The provisions in the proposed Sale Order which provide that Bank of America be paid in full at closing are consistent with the DIP Financing Order and the DIP Financing Documents. The fact that the Committee may not have completed its review

of the nature, extent, priority and validity of Bank of America's liens prior to the sale hearing does not necessitate that the sale proceeds be escrowed nor does it preclude payment to Bank of America at closing. The Committee still has the opportunity to object to or challenge the prepetition liens of Bank of America, as provided for in the Final DIP Order.

### Bank of America Holds A Validly Perfected First Priority Lien On All Assets Of The Debtor

8. There is no doubt that all of the prepetition obligations and post-petition obligations due and owing to Bank of America are fully secured by a properly perfected, first-priority lien on and security interest in all assets of the Debtor, including all assets that are the subject of the Sale Motion.

9. On April 11, 2014, two days after the appointment of the Committee, Bank of America provided copies of all of the pertinent financing documents and proof of perfection to counsel to the Committee. The documents evidencing Bank of America's perfection are not complicated.

10. Pursuant to the First Amended and Restated Loan and Security Agreement dated as of January 19, 2010 by and between the Debtor and Bank of America, as subsequently amended and modified,[1] (collectively, the "Prepetition Loan Agreement"), the Debtor granted to Bank of America, as security for the payment of all loans now or in the future made by Bank of America to the Debtor and for the payment or other satisfaction of all other obligations, a continuing security interest in all assets and personal property of the Debtor, which is described as the following property of the Debtor:

---

[1] The Prepetition Loan Agreement was amended and modified from time to time through the execution of ten (10) subsequent agreements through and including that certain Eighth Amendment to First Amended and Restated Loan and Security Agreement dated as of December 30, 2013. However, none of the amendment affected or changed the grant of a security interest in all of the assets of the Debtor.

5

whether now or hereafter owned, existing, acquired or arising and wherever now or hereafter located:  (a) all Accounts (whether or not Eligible Accounts) and all Goods whose sale, lease or other disposition by [the Debtor] has given rise to Accounts and have been returned to, or repossessed or stopped in transit by, [the Debtor]; (b) all Chattel Paper, Instruments, Documents and General Intangibles (including, without limitation, all patents, patent applications, trademarks, trademark applications, trade names, trade secrets, goodwill, copyrights, copyright applications, registrations, licenses, software, franchises, customer lists, tax refund claims, claims against carriers and shippers, guarantee claims, contract rights, payment intangibles, security interests, security deposits and rights to indemnification); (c) all Inventory (whether or not Eligible Inventory); (d) all Goods (other than Inventory), including, without limitation, Equipment, vehicles and Fixtures; (e) all Investment Property, including, without limitation, all securities, stock, shares or other ownership interests of [the Debtor] purchased under the Stock Purchase Agreement or otherwise (if there exists no Event of Default, [Bank of America] hereby agrees to release its Lien on the stock of Hedwin to the extent necessary to effect the Merger); (f) all Deposit Accounts, bank accounts, deposits and cash; (g) all Letter-of-Credit Rights; (h) all Commercial Tort Claims including, without limitation, those listed on Exhibit C hereto, (i) any other property of [the Debtor] now or hereafter in the possession, custody or control of [Bank of America] or any agent or any parent, Affiliate or subsidiary of [Bank of America] or any participant with [Bank of America] in the Loans, for any purpose (whether for safekeeping, deposit, collection, custody, pledge, transmission or otherwise) and (j) all additions and accessions to, substitutions for, and replacements, products and Proceeds of, and supporting obligations related to, the foregoing property, including, without limitation, proceeds of all insurance policies insuring the foregoing property, and all of [the Debtor]'s books and records relating to any of the foregoing and to [the Debtor]'s business.

*See* Section 5, Pages 5-6 of the Prepetition Loan Agreement, a true and correct copy of which is attached hereto and incorporated herein as <u>Exhibit C.</u>

11. Pursuant to that certain Trademark Security Agreement dated January 19, 2010, the Debtor granted Bank of America a continuing security interest in the Debtor's entire right title and interest in and to all of its now owned or existing and hereafter acquired or arising trademarks, trade names, corporate names, company names, business names, fictitious business names, trade styles, service marks, logos, other business identifiers, prints and labels on which any of the foregoing have appeared or appear, all registrations and recordings thereof, and all

applications in connection therewith, including, without limitation, the trademarks and applications listed on Schedule A to the Trademark Security Agreement and renewals thereof, and all income, royalties, damages and payments now or hereafter due and/or payable under or with respect to any of the foregoing, including, without limitation, damages and payments for past, present and future infringements of any of the foregoing. A true and correct copy of the Trademark Security Agreement is attached hereto and incorporated herein as <u>Exhibit D</u>.

      12.      In the Prepetition Loan Agreement, the Debtor acknowledged and agreed that:

> it is the intention of the parties to this Agreement that [Bank of America] shall have a first priority, perfected Lien, in form and substance satisfactory to [Bank of America] and its counsel, on all of [the Debtor]'s real or personal property of any kind and nature whatsoever, whether now owned or hereafter acquired, subject only to the Permitted Liens, if any, provided, however, that [Bank of America] currently does not require such a Lien on [the Debtor]'s leasehold interests but reserves the right to do so if an Event of Default exists or if [Bank of America] determines that any lease has collateral value or that a Lien thereon would enhance a disposition of any of the Collateral. In furtherance of the foregoing, [Bank of America] is authorized to file financing statements that state that the collateral covered thereby is "all assets," "all personal property" or other similar description.

*See* Exhibit C, Section 5, Page 6.

      13.      Bank of America filed its UCC-1 financing statements covering "all assets of the Debtor and all proceeds" in the Financing Records of the Maryland State Department of Assessment and Taxation on January 29, 2004, as continued on October 22, 2008, amended on August 27, 2013 and continued on December 23, 2013, all at file number 0000000181178674. True and correct copies of the UCC Financing Statement, Amendment and Continuation Statement are attached hereto and incorporated herein as <u>Exhibit E</u>.

14. Bank of America is also in possession of certain Certificates of Title for six vehicles, listing Bank of America as secured party. True and correct copies of the Certificates of Title are attached hereto and incorporated herein as <u>Exhibit F</u>.[2]

15. Article 9 of the Uniform Commercial Code governs the method for perfecting security interests in personal property, which includes intellectual property such as trademarks. Pursuant to the Maryland Uniform Commercial Code---Secured Transactions, Section 9-101 *et seq.* of the Commercial Law Article of the Maryland Code, generally, the lender must file a UCC-1 financing statement with the Secretary of State of the state in which the borrower resides in order to perfect a security interest. The financing statement may be very basic, but must provide at least background information identifying the parties and giving a description of the collateral. Here, there is no doubt that Bank of America complied with the perfection requirements and has properly perfect liens on all of the Debtor's assets, including all assets that are the subject of the Sale Motion.

### It Is In The Best Of Interest Of The Debtor, The Creditors And The Estate That The Prepetition Secured Parties Be Paid In Full At Closing

16. Interest and fees will continue to accrue on the claims of the Prepetition Secured Parties until such time as the Prepetition Secured Parties are paid in full. Under the terms of the Post-Petition Financing Agreement, interest is accruing on the Bank of America Revolving Loan at the Prime Rate (as defined in the Prepetition Loan Agreement) plus three percent (3.00%) and on the Bank of America Term Loan A at the Prime Rate plus three and one-half percent (3.5%). Upon the occurrence of a default (which includes the failure to pay Bank of America in full at closing) interest will accrue at the default rate of two percent (2.0%) per annum in excess of the interest rates stated above. In addition, pursuant to Section 6.3 of the Post-Petition Financing

---

[2] To the extent Bank of America does not hold a properly perfected prepetition lien on all vehicles listed in the Debtor's schedules, it holds a properly perfected post-petition lien on such vehicles under the Final DIP Order.

Agreement, the Debtor is required to pay an Unused Line Fee of one-half percent (0.5%) of the difference between the Maximum Revolving Loan Limit and the average daily balance of the Revolving Loans plus the Letter of Credit Obligations (as those terms are defined in the Post-Petition Financing Agreement) for each month, as further provided in the Prepetition Loan Agreement. Further, attorneys' fees and expenses and other costs will continue to accrue until such time as Bank of America is paid in full.

17. As is also set forth in Section 6.3 of the Post-Petition Financing Agreement, if the Sale Order does not provide for the indefeasible payment in full of all Obligations to Bank of America at closing, then Bank of America shall have no obligation to provide any financing to the Debtor. The parties anticipate that the Debtor will need access to financing between the date of the entry of the Sale Order and the date of closing.

18. It certainly is not in the best interest of the Debtor, the creditors or the estate that closing be postponed so that the Committee can have additional time (over and above the time already provided for in the Final DIP Order) to confirm perfection of Bank of America's liens.

WHEREFORE, Bank of America, N.A. respectfully requests that this Court enter an Order granting the Sale Motion, which Order provides that:

(a) The Committee's Limited Objection is overruled;

(b) Bank of America's first priority lien on the assets shall attach to the proceeds of the sale at closing;

(c) All of the Obligations (including all prepetition obligations and post-petition obligations) owed to Bank of America, including all principal and interest, attorneys' fees, costs and other expenses shall be indefeasibly paid in full at closing; and

(d) The closing shall occur on or before June 30, 2014.

Date: May 8, 2014                          Respectfully submitted,

                                                       */s/ Linda V. Donhauser*
                                                        Linda V. Donhauser
                                                        Federal Bar No. 06783
                                                        Kristen M. Siracusa
                                                        Federal Bar No. 28984
                                                        MILES & STOCKBRIDGE P.C.
                                                        100 Light Street
                                                        Baltimore, Maryland 21202

                                                        *Attorneys for Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of May, 2014, a copy of the foregoing *Conditional Consent of Bank of America N.A. to Debtor's Motion for an Order (A) Approving Asset Purchase Agreement and Authorizing the Sale of Assets Outside the Ordinary Course of Business; (B) Authorizing the Sale of Assets Free and Clear of all Liens, Claims, Encumbrances and Interests Pursuant to Sections 363(b), (f) and (m) of the Bankruptcy Code; (C) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (D) Granting Related Relief* was served via this Court's CM/ECF electronic notification system on the following:

Alan M. Grochal, Esquire
Catherine Keller Hopkin, Esquire
Tydings & Rosenberg, LLP
100 East Pratt Street, 26th Floor
Baltimore, MD 21202

Katherine A. Levin, Esquire
Office of U.S. Trustee
101 West Lombard Street
Suite 2625
Baltimore, MD 21201

Maria Ellena Chavez-Ruark, Esquire
Saul Ewing LLP
500 East Pratt Street, 9th Floor
Baltimore, MD 21202

Gary R. Greenblatt Esquire
Mehlman, Greenblatt & Hare, LLC
723 S. Charles St.
Ste. LL3
Baltimore, MD 21230

Patrick J. Potter, Esquire
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street NW
Washington, DC 20037

Marc E. Shach, Esquire
Curtis C. Coon, Esquire
Coon & Cole, LLC
401 Washington Avenue, Suite 501
Towson, MD 21204

Mark D. Maneche, Esquire
Tiffany S. Franc, Esquire
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 400
Towson, MD 21204

Tammy Cohen Drescher
Sellman Hoff LLC
2201 Old Court Road
Pikesville, MD 2120

11

Client Documents:4825-4687-3626v1|G1506-000070|5/6/2014

| | |
|---|---|
| Samuel C. Batsell, Esquire<br>Pension Benefit Guaranty Corporation<br>Office of the Chief Counsel<br>1200 K Street N.W.<br>Washington, DC 20005-4026 | Irving E. Walker Esquire<br>Cole, Schotz, Meisel, Forman & Leonard, P.A.<br>300 E. Lombard St.<br>Ste. 2000<br>Baltimore, MD 21202 |
| John A. Roberts, Esquire<br>Semmes, Bowen & Semmes, P.C.<br>25 South Charles Street, Suite 1400<br>Baltimore, MD 21201 | Richard E. Lear, Esquire<br>Holland & Knight LLP<br>800 17th Street, NW, Suite 1100<br>Washington, DC  20006 |

And on the following parties by first class mail, postage prepaid:

| | |
|---|---|
| Ampacet Corporation<br>660 White Plaines Road<br>Tarrytown, NY 10591 | Anchor Staffing<br>6960 Aviation Boulevard, Suite D<br>Glen Burnie, MD 21061 |
| Baltimore Gas & Electric<br>P.O. Box 13070<br>Philadelphia, PA 19101 | Chevron Phillips Chemical<br>1400 Jefferson Avenue<br>Pasadena, TX 77502 |
| Constellation NewEnergy, Inc.<br>800 Boylston Street<br>Suite 28<br>Boston, MA 02199 | Electronic Restoration Services<br>Attn: Leo Gusfa<br>12001 Levan Road<br>Livonia, MI 48150 |
| Green Bay Packaging<br>1100 Gilroy Road<br>Hunt Valley, MD 21031 | Guernsey Office Products<br>45070 Old Ox Road<br>Sterling, VA 20166 |
| Chevron Phillips Chemical<br>10001 Six Pines Drive<br>The Woodlands, TX 77380 | INEOS Olefins & Polymers USA<br>13536 Collections Center Drive<br>Chicago, IL 60693 |
| MD Unemployment Insurance Division<br>1100 North Eutaw Street<br>Baltimore, MD 21201 | Meyers Construction<br>Attention: Mike Shilling<br>1121 Greenwood Road, Suite 101<br>Pikesville, MD 21208 |
| Polyone<br>10115 Kincey Avenue, Suite 240<br>Huntersville, NC 28078 | PCA – Salt Lake City<br>4654 West 1525 South<br>Salt Lake City, UT 84104 |

Client Documents:4825-4687-3626v1|G1506-000070|5/6/2014

| | |
|---|---|
| Priority Worldwide Services<br>504 McCormick Drive<br>Glen Burnie, MD 21061 | Serv Pro<br>Attention: John Wall<br>102 Cockeysville Road<br>Cockeysville, MD 21030 |
| Sixth Sense Partners<br>3041 Warrington Road<br>Cleveland, OH 44120 | Specialty Industries<br>Attention: John H. Forrey, Jr.<br>175 East Walnut Street<br>Red Lion, PA 17356 |
| Zacros America<br>1821 Walden Office Square, Suite 400<br>Schaumburg, IL 60173 | Transamerica Retirement Solutions<br>Attention: Connie McDonald<br>4333 Edgewood Road NE<br>Cedar Rapids, IA 52499 |
| Worldwide Dispenser<br>Lee Road Merton Park Estate<br>Merton London, UK | Sharon L. Levine, Esquire<br>S. Jason Teele, Esquire<br>Keara M. Waldron, Esquire<br>Shirley Dai, Esquire<br>Lowenstein Sandler LLP<br>65 Livingston Avenue<br>Roseland, NJ 07068 |
| James S. Carr, Esquire<br>Jason Adams, Esquire<br>Kelly Drye & Warren LLP<br>101 Park Avenue<br>New York, NY 10178 | Paul W. Linehan, Esquire<br>South Franklin Street Partners<br>McDonald Hopkins<br>600 Superior Avenue East, Suite 2100<br>Cleveland, OH 44114 |
| Nordson Corporation<br>28601 Clemens Road<br>Westlake, OH  44145 | Rexel, Inc.<br>Attn:  James Quaintance<br>14951 Dallas Parkway<br>Dallas, TX  75254 |
| Wilber St. Leon Wilkins, III<br>Hedwin Corporation<br>1600 Roland Hgts Avenue<br>Baltimore, MD  21211 | Estes Express Lines<br>3901 W. Board Street<br>Richmond, VA  23230 |
| Department of the Treasury<br>Internal Revenue Service<br>P. O. Box 7346<br>Philadelphia, PA  19101-7346 | ASM Capital IV, L.P.<br>7600 Jericho Turnpike, Suite 302<br>Woodbury, NY  11797 |

Client Documents:4825-4687-3626v1|G1506-000070|5/6/2014

| | |
|---|---|
| Harvey Altus, Esquire<br>Law Offices of Harvey Altus, PC<br>30500 Northwestern Highway, Suite 500<br>Farmington Hills, MI  48334 | Express Services, Inc./26 Employment Staffing<br>Mark B. Comstock<br>Garrett Hemann Robertson, P.C.<br>1011 Commercial Street NE<br>Salem, OR  97301 |
| Fair Harbor Capital, LLC<br>P.O. Box 237037<br>New York, NY  10023 | International Business Machines Credit LLC<br>Attn:  Marie-Josee Dube<br>275 Viger East<br>Montreal, Quebec  H2X 3R7 |
| William Hornell<br>Mesirow Financial, Inc.<br>353 North Clark Street<br>Chicago, IL  60654 | Charles S. Deutchman<br>Shared Management Resources, LTD<br>28026 Gates Mills Blvd.<br>Pepper Pike, OH  44124 |

                                              */s/ Kristen M. Siracusa*
                                              Kristen M. Siracusa

Client Documents:4825-4687-3626v1|G1506-000070|5/6/2014