IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| IN RE: | * |
| HEDWIN CORPORATION | *   Case No.: 14-15194-NVA |
| Debtor. | *   (Chapter 11) |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**APPLICATION TO EMPLOY CBIZ BENEFITS & INSURANCE SERVICES, INC., AS PENSION LIABILITY CONSULTANT TO THE DEBTOR**
*NUNC PRO TUNC* **AS OF JULY 25, 2014**

Hedwin Corporation (the "Debtor" or "Hedwin"), debtor and debtor-in-possession, through counsel and pursuant to 11 U.S.C. §§ 327(a), 327(b), and 328(a), Federal Rule of Bankruptcy Procedure 2014, and Local Rules of Bankruptcy Procedure 2016-1, files this application to employ CBIZ Benefits & Insurance Services, Inc. ("CBIZ") as Pension Liability Consultant to the Debtor (the "Application"), *nunc pro tunc* as of July 25, 2014.  In support of the Application, the Debtor submits the Declaration of Steve Bourg ("Bourg"), Vice President and Senior Retirement Plan Consultant of CBIZ.  In further support of this Application, the Debtor states as follows:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

2.    On April 2, 2014, (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

#2236271v.2

- 2 -

3. The Debtor continues to manage and operate its business as debtor-in-possession pursuant to Section 1107(a) and 1108 of the Bankruptcy Code.

4. On April 2, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, and, pursuant to §§ 1107 and 1108 of the Bankruptcy Code, has continued in the possession of its property and management of its business as a Debtor-in-Possession.

5. On April 9, 2014, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") pursuant to §1102 of the Bankruptcy Code.

6. Prior to the Petition Date, the Debtor maintained a pension plan (the "Pension Plan") for the benefit of its employees.  The Pension Benefit Guaranty Corporation ("PBGC") has notified the Debtor that the Pension Plan will be terminated and that, following termination of the Pension Plan, the PBGC will assume the responsibility and liability for the payment of monthly retirement benefits that the Debtor's former employees would be paid under the Pension Plan, but for its termination, as well as other expenses incurred in relation to the Pension Plan termination, up to a certain guaranteed maximum.  The PBGC has and filed three (3) proofs of claim in the aggregate amount of $9,629,268 (the "PBGC Pension Claims"), which represent the PBGC's calculation of the estimated pension liability to be assumed and paid by the PBGC (the "PBGC Liability Calculations").  The PBGC Pension Claims include a claim as a secured creditor, an administrative priority creditor, a priority creditor, and a general unsecured creditor.

7. The Chapter 11 filing by the Debtor represented the culmination of a sale process that commenced in January 2014.  The Debtor filed Chapter 11 after it had negotiated an Asset Purchase Agreement with a stalking horse bidder, Fujimori Kogyo Co., Ltd. ("Fujimori").  On

- 3 -

April 17, 2014, this Court entered an Amended Order approving bidding procedures (dkt. 80). The Debtor's operating assets were sold at Auction to Fujimori on May 9, 2014 for $22.2 million (including a $600,000 break up fee and $250,000 expense reimbursement), plus the assumption of trade debt (the "Sale"). The Sale closed[1] effective June 1, 2014.

## THE CBIZ AGREEMENT

8. On July 25, 2014, the Debtor entered into the PBGC Liability Review Project – Service Agreement (the "Agreement") for certain consulting services to be provided by CBIZ in connection with the PBGC Liability Calculation. A copy of the Agreement is attached hereto as **Exhibit A.**

9. Pursuant to the Agreement, CBIZ will serve as consultant to the Debtor with respect to the PBGC Pension Claims and will fully evaluate the PBGC Liability Calculations. Specifically, CBIZ will examine whether the PBGC (a) utilized the proper and appropriate termination interest rates; and (b) based the PBGC Liability Calculations on appropriate plan participant characteristics, including average ages of the pension plan participants, and nature and characteristics of each participant's claim. Furthermore, CBIZ will perform its own calculation of the estimated termination liability with respect to the Debtor's terminated Pension Plan, and will use actual, individual data on all plan participants using up-to-date information, as well as input and test all data and assumptions, to determine what the proper estimated liability is and compare it to the PBGC Liability Calculations.

10. Regarding the compensation to be paid to CBIZ, CBIZ will be compensated on an hourly basis, along with reimbursement of actual out-of-pocket charges incurred. The typical hourly billing rates range from $135 to $370, and are further detailed in the Agreement. CBIZ has estimated that the total actual fee shall be approximately $6,000 to $7,000, and has provided

---

[1] Fujimori's rights and obligations in connection with the sale were assigned to its subsidiary, Zacros America, Inc.

- 3 -

#2236271v.2

a maximum cap of $7,500 for the services to be performed pursuant to the Agreement (except as provided in paragraph 12 below).

11. CBIZ has not requested or required a retainer from the Debtor.

12. In addition, to the extent that the Debtor is required to initiate any adversary proceeding, contested matter or other litigation arising out of or related to the PBGC Pension Claims or the PBGC Liability Calculations, the Debtor may wish to utilize the services of CBIZ. Such services may include, without limitation, testimony or litigation support with respect to the nature and amount of the Pension Claims, the methodology used by the PBGC in its PBGC Liability Calculations, the nature and reliability of the documentation and information relied upon by the PBGC, and validating any assumptions and conclusions of the PBGC. More specifically, such services may include the following:

    (1) Testimony or sworn affidavits offered in support of the Debtor's litigation position;

    (2) Preparing for and attending hearings, depositions, or other events in connection with potential PBGC-related litigation; and

    (3) Any other litigation support in connection with the services provided by CBIZ, to the extent those litigation support services are necessary to the Debtor's position with respect to (a) the PBGC Pension Claims; (b) the PBGC Liability Calculations; or (c) any other third party claims asserted in connection with the Debtor's Pension Plan.

13. For any additional work requested or required in accordance with paragraph 12 above, CBIZ shall be compensated at the same hourly rates reflected in the Agreement, along with reimbursement of actual out-of-pocket expenses. For such additional work, CBIZ reserves the right to request additional or other compensation in excess of the $7,500 cap set forth in the Agreement.

**BASIS FOR RELIEF REQUESTED**

- 5 -

14.  Section 327(a) provides that a debtor-in-possession, with the Court's approval may employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons[2], to represent or assist the [debtor-in-possession] in carrying out its duties under this title."  Subject to the Court's approval, the Debtor has broad discretion to employ professionals and establish the terms of the specific employment of professionals.  *See In re Computer Learning Centers, Inc.*, 272 B.R. 897, 902 (Bankr. E.D. Va. 2001) (discussing employment of special insurance counsel).  In addition to the requirement of disinterestedness, the Debtor must demonstrate that the employment of the professional is reasonably necessary. *Id.*

15.  As set forth in the Declaration of Steve Bourg, CBIZ is a disinterested person, as that term is defined by the Bankruptcy Code.  Furthermore, the employment of CBIZ is reasonably necessary to maximize the value of the Debtor's bankruptcy estate.  First, CBIZ has significant consulting experience with respect to pension liability.  Bourg has 28 years of pension consulting experience, is a member of the Society of Pension Actuaries, and been designated as an Enrolled Actuary under the Employee Retirement Income Security Act ("ERISA").  Multiple other professionals employed by CBIZ are also Enrolled Actuaries under ERISA.  This expertise is critical in determining the most accurate pension termination liability figure, which will significantly impact the distributions to creditors and equity interest holders in this case; indeed, because the PBGC is likely to hold the largest general unsecured claim, it is imperative that the pension termination liability be evaluated independent of the PBGC's internal calculations.

---

[2]  A disinterested person is defined as a person that: (i) is not a creditor, equity security holder, or insider of the debtor, (ii) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor, and (iii) does not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship with, or interest in the debtor or for any other reason. 11 U.S.C. § 101(14).

#2236271v.2

16. Furthermore, pursuant to 11 U.S.C. § 328(a), the Court should approve the compensation arrangement set forth in the Agreement.  Under Section 328(a), a professional employed pursuant to Section 327(a) may be compensated "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."  Here, the fee arrangement set forth in the Agreement is reasonable.  CBIZ will provide pension liability consulting services to the Debtor specifically related to the PBGC Liability Calculation.  CBIZ's compensation is reasonable, and the non-litigation services outlined in the Agreement are capped at $7,500 (except as provided in paragraph 12 above).  Further, the compensation arrangement is fair and reasonable in light of CBIZ and Bourg's significant experience in the pension liability calculation context.

### Best Interests of the Estate

17. As set forth above, CBIZ satisfies all the requirements for employment as the Debtor's pension liability consultant under 11 U.S.C. §§ 327 and 328.

18. The employment of CBIZ is in the best interests of the estate because, as explained above, CBIZ has considerable experience in evaluating pension termination liability, and the services CBIZ has agreed to perform are critical to accurately determining the amount and extent of PBGC's claim against the Debtor's estate.

WHEREFORE, Hedwin Corporation requests that this Court approve this Application, grant the proposed order authorizing the employment of CBIZ Benefits & Insurance Services, Inc., as pension liability consultant set forth in the Agreement attached as an exhibit hereto, and as otherwise described herein, *nunc pro tunc* as of July 25, 2014, and grant such other and further relief as is just and equitable.

[SIGNATURE ON NEXT PAGE]

|                        |                                              |
|------------------------|----------------------------------------------|
| Date: July 29, 2014    | /s/ Alan M. Grochal                          |
|                        | Alan M. Grochal, Bar No. 01447               |
|                        | Stephen M. Goldberg, Bar No. 01156           |
|                        | Catherine K. Hopkin, Bar No. 28257           |
|                        | Tydings & Rosenberg LLP                      |
|                        | 100 East Pratt Street, 26th Floor            |
|                        | Baltimore, Maryland 21202                    |
|                        | 410-752-9700                                 |
|                        | agrochal@tydingslaw.com                      |
|                        | sgoldberg@tydingslaw.com                     |
|                        | chopkin@tydingslaw.com                       |
|                        | Attorneys for Hedwin Corporation             |

#2236271v.2

- 8 -

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 29th day of July, 2014, I served a copy of the foregoing Application , the accompanying Verified Statement and Proposed Order either electronically via CM/ECF, or via first class mail, postage prepaid, to the parties on the attached matrix.

                                    /s/ Alan M. Grochal
                                    Alan M. Grochal

#2236271v.2

Hedwin Ltd. Matrix
7/25/14

Office of the U.S. Trustee
Garmatz Federal Courthouse
101 West Lombard St., Suite 2625
Baltimore, MD 21201

Linda V. Donhauser, Esquire
Miles & Stockbridge P.C.
100 Light Street
Baltimore, MD 21202

Bank of America
John Getz
300 Galleria Parkway, Suite 800
Atlanta, GA 30339

Specialty Industries
Attention John Forray
175 East Walnut St
Red Lion, PA 17356

Serv Pro
C/O Fair Harbor Capital
Ansonia Finance Station
PO BOX 237037
New York, NY 10023

Chevron Phillips Chemical
10001 Six Pines Drive
The Woodlands, TX 77380

Electronic Restoration Services
12001 Levan Road
Livonia, MI 48150

Zacros America
1821 Walden Office Square
Suite 400
Schaumburg, IL 60173

Meyers Construction
c/o Tiffany S. Franc, Esq
Pessin Katz Law, P.A.
901 Dulaney Valley Rd. Ste 400
Towson, MD 21204

Constellation Newenergy, Inc.
Attn: SCS
100 Constellation Way, Suite 600C
Baltimore, MD 21202

Ineos Olefins & Polymers USA
13536 Collections Center Drive
Chicago, IL 60693

PCA – Salt Lake City
4654 West 1525 South
Salt Lake City, UT 84104

MD Unemployment Insurance Division
1100 North Eutaw Street
Baltimore, MD 21201

Gary S. Beling
Mizuhu Securities USA, Inc.
320 Park Avenue, 12th Floor
New York, NY 10022

Worldwide Dispensers
Merton Industrial Park
Lee Road
London SW19 3WD
United Kingdom

Green Bay Packaging
1700 N. Webster Court
Green Bay, WI 54302

BGE
110 West Fayette Street
Baltimore, MD 21201
Attn: G. Bush

Transamerica Retirement Solutions
Connie McDonald
4333 Edgewood Road NE
Cedar Rapids, IA 52499

Anchor Staffing
c/o Tammy Cohen, Esq
2201 Old Court Rd.
Baltimore, MD 21208

South Franklin Street Partners
c/o Paul W. Linehan
McDonald Hopkins
600 Superior Avenue East, Suite 2100
Cleveland, OH 44114

Pillsbury Winthrop Shaw Pittman LLP
Patrick J. Potter, Esq.
2300 N. Street, NW
Washington, DC 20037

Sixth Sense Partners
3041 Warrington Road
Cleveland, OH 44120

Polyone
33587 Walker Road
Avon Lake OH, USA 44012

Guernsey Office Products
PO BOX 61770
Harrisburg, PA 17106

Priority Worldwide Services
7361 Coca Cola Dr.
Hanover, MD 21076

Ampacet Corporation
660 White Plaines Road
Tarrytown, NY 10591

- 9 -

#2236271v.2

| | | |
|---|---|---|
| Sharon L. Levine, Esquire<br>S. Jason Teele, Esquire<br>Lowenstein Sandler LLP<br>65 Livingston Avenue<br>Roseland, NJ  07068 | Peter Trost<br>ESOP Services<br>North Star Trust Co.<br>311 W. Monroe Street, 14th Floor<br>Chicago, IL 60606 | Maria Ellena Chavez-Ruark, Esquire<br>Saul Ewing LLP<br>500 East Pratt Street, 9th Floor<br>Baltimore, MD  21202 |
| James S. Carr, Esquire<br>Jason Adams, Esquire<br>Kelley Drye & Warren LLP<br>101 Park Avenue<br>New York, NY  10178 | Marc E. Shach, Esquire<br>Curtis C. Coon, Esquire<br>Coon & Cole, LLC<br>401 Washington Avenue, Suite 301<br>Towson, MD  21204 | Tammy Cohn, Esquire<br>Sellman Hoff, LLC<br>The Cooperage<br>2201 Old Court Road<br>Baltimore, MD  21208 |
| Mark D. Maneche, Esquire<br>Tiffany S. Franc, Esquire<br>Pessin Katz Law, P.A.<br>901 Dulaney Valley Rd., Suite 400<br>Towson, MD  21204 | Samuel C. Batsell<br>Pension Benefit Guaranty Corporation<br>Office of the Chief Counsel<br>1200 k Street, NW<br>Washington, DC  20005-4026 | Irving Walker, Esquire<br>Cole Schotz<br>300 East Lombard Street, Suite 2000<br>Baltimore, MD  21202 |
| Marie-Josee Dube<br>IBM Corporation<br>275 Viger East<br>Montreal, Quebec H2X 3R7<br>Canada | Richard E. Lear, Esquire<br>Philip T. Evans, Esquire<br>Holland & Knight LLP<br>800 17th Street, NW, Suite 1100<br>Washington, DC  20006 | Arthur E. Rosenberg, Esquire<br>Holland & Knight LLP<br>31 West 52nd Street, 11th Floor<br>New York, NY  10019 |
| Scott D. Fink, Esquire<br>Weltman, Weinberg & Reis Co., L.P.A.<br>Lakeside Place, Suite 200<br>323 West Lakeside Avenue<br>Cleveland, OH  44113-1099 | International Business Machine<br>ATTN: BANKRUPTCY COORDINATOR<br>MARIE-JOSEE DUBE<br>274 VIGER EAST, 4TH FLOOR, MONTREAL, QC, CANADA H2X 3R7 | Jan I. Berlage, Esquire<br>Gohn Hankey & Stichel, LLP<br>201 North Charles Street, Suite 2101<br>Baltimore, MD  21201 |